ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| CRUZ OFELIA MORALES ALVERIO, Y OTROS<br><br>Parte Recurrida<br><br>v.<br><br>AAA CAR RENTAL, INC. H/N/C ALLIED CAR AND TRUCK RENTAL & EZ CAR RENTAL, COMPAÑÍAS ASEGURADORAS "A," "B" Y "C"<br><br>Parte Peticionaria | KLCE202301442 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: SJ2021CV01676<br><br>Sobre: Bono de Navidad y otros |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez, el Juez Rodríguez Flores y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de enero de 2024.

Compareció ante este Tribunal la parte peticionaria, AAA Car Rental, Inc. h/n/c Allied Car & Truck Rental (en adelante, "Allied" o "Peticionario"), mediante recurso de *certiorari* presentado el 19 de diciembre de 2023. Nos solicitó la revocación de la *Orden* dictada por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, "TPI"), el 5 de diciembre de 2023, notificada y archivada en autos ese mismo día. Mediante el referido dictamen, el TPI no autorizó la presentación de ciertas mociones de sentencia sumaria presentadas por Allied.

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto de *certiorari* ante nuestra consideración.

**I.**

Esta es la tercera ocasión que nos corresponde adjudicar la procedencia de una serie de controversias que se suscitaron posterior a la

Número Identificador
RES2024_____

culminación del descubrimiento de prueba en el caso y tras la celebración de la Conferencia con Antelación al Juicio. Veamos.

El presente caso se inició el 15 de marzo de 2021, cuando la Sra. Cruz Ofelia Morales Alverio y su esposo, José López Merced; el Sr. Carlos Ramos Berríos y su esposa, Rachelle Monfrino; el Sr. Juan Robles Anciani y su esposa, Diana Gerardino, y sus respectivas sociedades legales de gananciales compuestas por ellos (en adelante, "Demandantes" o "Recurridos"), presentaron una "**Demanda**" sobre despido injustificado, discrimen por impedimento y edad, ambiente hostil y represalias, entre otras reclamaciones, en contra del Peticionario y otras compañías aseguradoras.

Culminado el descubrimiento de prueba, el 8 de agosto de 2022 las partes presentaron el *Informe Preliminar entre Abogados y Abogadas*, en preparación para la celebración de la Conferencia con Antelación al Juicio. Como parte de las controversias suscitadas figuró la utilización de cierta grabación tomada por el codemandante, Juan Robles Anciani, que provocó que Allied solicitara la exclusión de dicha prueba mediante la presentación de una "**Moción *In Limine* para excluir grabación**" el mismo 8 de agosto de 2022.

En el ínterin, se celebró la Conferencia con Antelación al Juicio y luego de la discusión pertinente del *Informe Preliminar entre Abogados y Abogadas*, el foro primario le impartió su aprobación como el acta que regirá los procedimientos durante la vista en su fondo, la cual, quedó pautada para el 28 de agosto de 2023 al 1 de septiembre de 2023. Así las cosas, el 22 de noviembre de 2022, el TPI emitió *Resolución y Orden* mediante la cual declaró Con Lugar la solicitud *in limine* y determinó que la grabación tomada era inadmisible en evidencia. Dicha determinación fue objeto de una moción de reconsideración que fue denegada por el foro *a quo* por vía de la *Orden* notificada el 9 de enero de 2023. Ello provocó que la codemandante, Cruz Ofelia Morales Alverio, compareciera mediante recurso de *certiorari* bajo el caso núm. KLCE202300124. Tras la evaluación de las posturas de las partes, el 28 de febrero de 2023, emitimos

*Resolución* mediante la cual denegamos la expedición del auto. El 3 de mayo de 2023, se notificó la *Carta de Trámite sobre Mandato* en el caso por parte de la Secretaría de este Tribunal.

Culminado el trámite apelativo, el 21 de junio de 2023, Allied presentó tres (3) mociones de sentencia sumaria, en las que solicitó la desestimación del pleito de epígrafe. Al día siguiente, el TPI emitió tres (3) *Órdenes* concediéndole a los Demandantes un término de veinte (20) días para presentar sus correspondientes réplicas. Estando vigente al referido plazo, el 10 de julio de 2023, los Recurridos presentaron "**Urgente Solicitud de Término Adicional para Oponernos a las tres (3) Mociones Solicitando Sentencia Sumaria [y] para que se deje sin efecto el Juicio Pautado hasta tanto el Ilustre Foro Emita Decisión Respecto a las tres (3) Mociones de Sentencia Sumaria**".

Ese mismo día, el foro recurrido emitió *Orden* en la cual expuso lo siguiente:

> Surge del expediente que el descubrimiento **de prueba finaliz[ó] el 25 de mayo de 2022**, (Véase entrada número 42[)].
>
> El 9 de agosto de 2022 se discutió el informe de conferencia con antelación a juicio y se emitió una minuta-resolución que constituye la orden que establece la Regla 37.5 de Procedimiento Civil, y como consecuencia el Juicio en su Fondo est[á] señalado para la semana del 28 de agosto al 1ro de septiembre de 2023.
>
> El 21 de junio de 2023, m[á]s de un año de haber culminado el descubrimiento de prueba y a menos de 60 d[í]as para comenzar el juicio, y sin la autorizaci[ó]n del Tribunal, los querellados-demandados han presentado varias solicitudes de sentencia sumaria.
>
> La Regla 36.1 de Procedimiento Civil, dispone que una sentencia sumaria tiene que presentarse **no más tarde de los treinta (30) días siguientes a la fecha límite establecida por el tribunal para concluir el descubrimiento de prueba**.
>
> En vista de que el descubrimiento de prueba finaliz[ó] **el 25 de mayo del 2022, que el juicio del presente caso es uno laboral y est[á] pautado para comenzar el 28 de agosto al 1ro de septiembre de 2023** y que los demandados presentaron las solicitudes [de] sentencia sumaria sin la autorización previa, este Tribunal no autoriza la presentación de las solicitudes de sentencia sumaria, por ser tardía y porque retrasaría los procedimientos.

No ha lugar, a la suspensión del juicio.[1]

El 18 de julio de 2023, Allied presentó "**Moción de Reconsideración**". Allí argumentó que desde la presentación del *Informe Preliminar entre Abogados y Abogadas* anunció su intención de presentar mociones dispositivas y que, debido a las particularidades del caso, el término para presentar mociones dispositivas no debió comenzar en la fecha en que terminó el descubrimiento de prueba, sino a partir de la fecha en que se resolvió de manera definitiva la controversia relacionada con la inadmisibilidad de las grabaciones. Adicionalmente, expresó que los argumentos en los que estarían fundamentadas las mociones dispositivas dependían de la adjudicación de la aludida controversia.

Asimismo, el Peticionario arguyó que la consideración de dichas solicitudes facilitaría la dilucidación de las controversias, pues podrían resolverse todos los asuntos que tenía ante sí el TPI, de manera total o, cuanto menos, sustancialmente. Abonó que ello representaría un ahorro significativo de tiempo y dinero para las partes y el tribunal, tras esgrimir que las mociones se fundamentaban en admisiones de los Recurridos y en asuntos de derecho. A la luz de lo anterior, solicitó que se reinstalara su dictamen previo en el que había requerido a los Recurridos presentar su oposición a las solicitudes de sentencia sumaria y, como consecuencia, que se dejara sin efecto el señalamiento del juicio.

Al día siguiente, el foro recurrido dictó *Resolución* mediante la cual declaró "No Ha Lugar" la solicitud de reconsideración presentada por Allied. Cual fuera adelantado, dicha determinación provocó que el Peticionario presentara un recurso de *certiorari* bajo el alfanumérico KLCE202300835. Habiendo atendido las comparecencias de las partes, emitimos una segunda *Resolución* el 25 de agosto de 2023. Allí, entendimos innecesario intervenir con la *Orden* de 10 de julio de 2023. Posteriormente, Allied presentó una solicitud de reconsideración ante este Tribunal. Analizados los planteamientos esbozados, el 27 de septiembre de 2023, emitimos *Resolución* denegando la reconsideración y expresamos que "[s]u

---

[1] *Véase*, Apéndice del recurso, págs. 1,188-1190 (énfasis en el original).

planteamiento tiene que dirigirlo en primer lugar al Tribunal de Primera Instancia".[2]

El 2 de octubre de 2023, el Peticionario presentó "**Moción en Cumplimiento con Resolución del Tribunal de Apelaciones para solicitar que se consideren las Mociones de Sentencia Sumaria presentadas por Allied**". Expuso que según surgía de la *Orden* emitida por el TPI el 10 de julio de 2023, la cercanía del juicio, en aquel entonces, fue una razón o impedimento para la consideración de las mociones de sentencia sumaria. Es decir, que las mismas se denegaron por tardías por éstas haberse presentado a menos de 60 días de comenzar el Juicio que se encontraba pautado para comenzar el 28 de agosto de 2023. Por consiguiente, argumentó que desde dicha fecha hasta el señalamiento del juicio, existían sobre cuatro (4) meses que, respetuosamente entendemos, constituían tiempo suficiente para la consideración y resolución de las mociones dispositivas. Por tanto, expuso que la cercanía del juicio ya no podía considerarse una justificación razonable para denegarlas o un impedimento a la consideración y resolución de éstas.

Asimismo, reiteró el argumento a los efectos de que un examen de las mociones dispositivas presentadas por Allied, surgía que las mismas están basadas, principalmente, en las propias admisiones bajo juramento de los Recurridos, o en claros asuntos de derecho, y que servirán el útil propósito de facilitar el trámite del presente caso mediante la resolución total o sustancial de las controversias que el TPI tiene ante sí e implicaría un ahorro significativo en la inversión de tiempo y dinero para las partes y el foro de instancia. El 3 de octubre de 2023, el TPI emitió *Orden* mediante la cual expresó que una vez recibiera el mandato de este Tribunal, atendería esta última moción.

El 10 de noviembre de 2023, se registró y notificó la *Carta de Trámite sobre Mandato*. Así el trámite, el 5 de diciembre de 2023, el foro *a quo* emitió *Orden* mediante la cual expuso lo siguiente:

---

[2] Íd., págs. 1,265-1,266.

El presente caso trata de varias reclamaciones laborales y el juicio en su fondo est[á] pautado comenzar para la semana del 22 al 25 de enero del 2024.

En atenci[ó]n de la solicitud de la parte querellada, para que este Tribunal consideren [sic] las mociones de sentencia sumaria presentadas por el querellado, el Tribunal reitera la Orden emitida y notificada el 10 de julio del 2023 (Entrada 84) y no autoriza la presentanci[ó]n de dichas mociones. Conceder la solicitud de la parte querellada, retrasaría los procedimientos y conllevar[í]a la suspensi[ó]n del juicio.[3]

Inconforme con el aludido dictamen, Allied presentó "**Moción en Solicitud de Orden en Auxilio de Jurisdicción**" y el recurso de *certiorari* que nos ocupa. Mediante *Resolución* de 20 de diciembre de 2023 declaramos "No Ha Lugar" la solicitud de paralización de los procedimiento y le concedimos un término a los Recurridos para que expusieran su posición. A través de su recurso, el Peticionario le imputó al TPI la comisión de los siguientes errores:

PRIMERO: ERRÓ EL TPI E INCURRIÓ EN ABUSO DE DISCRECIÓN AL NO AUTORIZAR O CONSIDERAR LAS MOCIONES DE SENTENCIA SUMARIA CUANDO LA CERCANÍA AL JUICIO A LA CUAL ALUDE EN LA RESOLUCIÓN CUYA REVISIÓN SE SOLICITA FUE PROVOCADA POR EL PROPIO TRIBUNAL AL AGUARDAR, CONTRARIO A DERECHO, POR EL MANDATO DEL TRIBUNAL EN EL ASUNTO KLCE202300835.

SEGUNDO: ERRÓ EL TPI E INCURRIÓ EN ABUSO DE DISCRECIÓN AL NO AUTORIZAR O CONSIDERAR POR TARDÍAS LAS MOCIONES DE SENTENCIA SUMARIA PRESENTADAS POR ALLIED.

TERCERO: ERRÓ EL TPI E INCURRIÓ EN ABUSO DE DISCRECIÓN AL NO AUTORIZAR O CONSIDERAR POR TARDÍAS LAS MOCIONES DE SENTENCIA SUMARIA PRESENTADAS POR ALLIED CUANDO, ANTE LAS CIRCUNSTANCIAS PRESENTES EN ESTE CASO, LA CONSIDERACIÓN DE LAS MOCIONES DE SENTENCIA SUMARIA SERVIRÁN EL ÚTIL PROPÓSITO DE AHORRARLE A LAS PARTES Y AL TRIBUNAL INVERSIÓN DE TIEMPO Y DINERO, MÁS CUANDO, LAS MOCIONES SE BASAN, PRINCIPALMENTE, EN ADMISIONES DE LAS PARTES DEMANDANTES-RECURRIDAS Y/O EN CLAROS ASUNTOS DE DERECHO.

El 11 de enero de 2024, los Recurridos presentaron "**Oposición a la Expedición del Recurso**".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

---

[3] Íd., págs. 1,286-1,287.

**II.**

**A.**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021). La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. Rivera Gómez v. Arcos Dorados Puerto Rico, Inc., 2023 TSPR 65, 212 DPR __ (2023). Así, este solo se expedirá luego de justipreciar los criterios establecidos en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, y en aquellas instancias específicas que delimita la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. A esos efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable la justicia, al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Íd.

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

Dentro de este marco, el análisis del foro apelativo intermedio -al momento de considerar los asuntos planteados mediante el recurso de *certiorari*- no se efectúa en el vacío ni se aparta de otros parámetros. Rivera Gómez v. Arcos Dorados Puerto Rico, Inc., *supra*; 800 Ponce de León v. AIG, 205 DPR 163, 176 (2020). Las delimitaciones que imponen estas disposiciones reglamentarias tienen como objetivo intrínseco prevenir la "dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación". Mun. Aut. De Caguas v. JRO Construction, Inc. *et al.,* 201 DPR 703, 712 (2019). Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debe ser utilizado con cautela y por razones de peso.

En ese sentido, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. García v. Padró, 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones

discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. S.L.G. Flores, Jiménez v. Colberg, 173 DPR 843 (2008).

**B.**

El propósito de las Reglas de Procedimiento Civil es proveerles a las partes que acuden a un tribunal una "solución justa, rápida y económica de todo procedimiento". 32 LPRA Ap. V, R.1. Así, la Regla 36 del mencionado cuerpo procesal atiende lo referente al mecanismo de sentencia sumaria. A esos fines, la Regla 36.1 de Procedimiento Civil establece lo siguiente:

> Una parte que solicite un remedio podrá, en cualquier momento después de haber transcurrido veinte (20) días a partir de la fecha en que se emplaza a la parte demandada, o después que la parte contraria le haya notificado una moción de sentencia sumaria, **pero <u>no más tarde</u> de los treinta (30) días siguientes a la fecha límite establecida por el tribunal para concluir el descubrimiento de prueba**, presentar una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada. 32 LPRA Ap. V, R. 36.1 (énfasis suplido).

Claro está, los tribunales de instancia tienen discreción para prorrogar los términos para presentar una moción de sentencia sumaria, siempre y cuando medie una justa causa para ello. *Véase*, 32 LPRA Ap. V, R. 68.2.

**III.**

Tras la evaluación del expediente ante nuestra consideración, encontramos que el foro *a quo* no indicó ni se desprende del expediente ante nos que haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción o cometido algún error de derecho.

Del estudio de las incidencias suscitadas posterior a la celebración de la Conferencia con Antelación al Juicio, no identificamos fundamentos jurídicos que nos motiven a expedir el auto de *certiorari* solicitado, conforme a los criterios que guían nuestra discreción para ejercer nuestra facultad revisora a estas alturas del litigio y dada la naturaleza de la controversia traída ante nuestra consideración. *Véase*, Luan Invest. Corp. v. Rexach Const. Co.*,* 152 DPR 652, 667-668 (2000). Sostenemos, por tanto, que la

determinación impugnada resulta razonable y no denota un abuso de discreción por parte del TPI. El Peticionario no demostró que el TPI abusara de su discreción, actuara con perjuicio o cometiera un error manifiesto en su determinación.

**IV.**

Por los fundamentos que anteceden, *denegamos* la expedición del auto de *certiorari* presentado ante nuestra consideración.

**Notifíquese inmediatamente a las partes y al Hon. Ismael Álvarez Burgos, Juez Superior del Tribunal de Primera Instancia, Sala Superior de Carolina**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones